UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KENNETH AUGUILLARD, JESSIE JAMES, and DERAFECUS WILLIAMS, | No. 6:18-cv-727 |
| | JUDGE TUCKER L. MELANÇON |
| Plaintiffs, | MAG. J. CAROL WHITEHURST |
| v. | |
| QUINTANA ENERGY SERVICES INC., F/K/A THE DIRECTIONAL DRILLING COMPANY. | |
| Defendant. | |

## MEMORANDUM RULING

Before the Court are defendant's Motion for Summary Judgment, [Rec. Doc. 9, filed September 6, 2018], plaintiffs' Motion to for Leave to Amend Complaint, [Rec. Doc. 16, filed October 12, 2018], and plaintiffs' Motion for Rule 56(d) Relief. [Rec. Doc. 18, filed October 12, 2018]. For the reasons that follow hereinafter: defendant's Motion for Summary Judgment is **GRANTED in part** as it seeks to have Plaintiff James's and Plaintiff Williams's claims under Title VII **DISMISSED WITH PREJUDICE** as untimely, and **DENIED in part** as premature as it seeks to have Auguillard's claims dismissed; plaintiffs' Motion for Leave to Amend Complaint is **GRANTED** as to Auguillard; and plaintiffs' Motion for Rule 56(d) Relief is **GRANTED** as to Auguillard.

## I. BACKGROUND

On October 10, 2016, Plaintiff Jessie James filed a charge of discrimination with the Louisiana Commission on Human Rights and the Equal Employment Opportunity Commission ("EEOC") alleging race and age discrimination against "The Directional Drilling Company. [Rec. Doc. 9.7, filed September 6, 2018]. On October 11, 2016, Plaintiff Derafecus Williams filed a charge of discrimination with the Louisiana Commission on Human Rights and the EEOC alleging race and age discrimination against "The Directional Drilling Company". [Rec. Doc. 9.8, filed September 6, 2018]. On October 20, 2016, Plaintiff Kenneth Auguillard filed a charge of discrimination with the Louisiana Commission on Human Rights and the EEOC alleging race and age discrimination against "The Directional Drilling Company". [Rec. Doc. 9.6, filed September 6, 2018]. No such claim or claims were filed with the Louisiana Commission on Human Rights and the EEOC against Defendant Quintana Energy Services, Inc. ("QES" or "defendant").

Plaintiff Jessie James and Plaintiff Derafecus Williams each received a "Dismissal and Notice of Rights" letter ("right-to-sue letter") dated February 21, 2018 from the EEOC stating that the plaintiffs had 90 days to file suit. [Rec. Doc. 9.9 at 2-3, filed September 6, 2018]. Plaintiff Kenneth Auguillard received his right-to-sue letter dated May 22, 2018 from the EEOC. [Id. at 1]. On May 31, 2018, the plaintiffs filed a joint complaint in this Court alleging claims under Title VII naming

QES as the defendant. [Rec. Doc. 1, filed May 31, 2018].

On September 6, 2018, QES filed a Motion for Summary Judgment alleging that plaintiffs failed to exhaust their administrative remedies because they did not file a discrimination charge naming QES as the employer, or in the alternative, that the claims brought by Plaintiff James and Plaintiff Williams be dismissed as untimely. [Rec. Doc. 9, filed September 6, 2018]. In its motion, QES argues that it is not formerly known as The Directional Drilling Company, as its correct corporate structure is: QES is the parent corporation of Quintana Energy Services LLC which is the parent company of QES Directional Drilling LLC which is the parent company of Twister Drilling Tools, LLC d/b/a Triumph Inspection Services ("Triumph"), and further states that QES Directional Drilling LLC was formerly known as Q Directional Drilling, LLC, which formerly did business as The Directional Drilling Company (the company that the plaintiffs actually filed their discrimination charges against). [Rec. Doc. 9.1 at 2, filed September 6, 2018]. As a result of QES setting out the correct corporate structure, plaintiffs filed a Motion for Leave to Amend Complaint on October 12, 2018, [Rec. Doc. 16], to add additional defendants "QES Directional Drilling, LLC f/k/a Q Directional Drilling, LLC d/b/a The Directional Drilling Company" and "Twister Drilling Tools, LLC d/b/a Triumph Inspection Services", and a Motion for 56(d) Relief asking for additional time to conduct

discovery. [Rec. Doc. 18, filed October 12, 2018].[1]

## II. SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008 (citing *Liberty Lobby, Inc.*, 477 U.S. at 252).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact. *Washburn v.*

---

[1] The Court construes the Motion for 56(d) Relief to be an opposition to the Motion for Summary Judgment and a request for Rule 56(d) Relief as its accompanying memorandum is titled "PLAINTIFFS' MEMORANDUM IN OPPOSITION TO QES'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFFS' MOTION FOR RULE 56(d) RELIEF". [Rec. Doc. 18.1, filed October 12, 2018]. Also, the plaintiffs failed to attach an affidavit or declaration as required by Rule 56(d) motion. *See* Fed.R.Civ.P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" grant additional time for discovery). Nevertheless, it is settled that, "[a]lthough it is preferred that non-movants present an affidavit to support a continuance of discovery, there is no stringent procedure that will bar litigants access to further discovery." *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir.1992) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986)). No reply from the defendant is needed to rule on this matter.

*Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact. *Id.* at 508. All facts and inferences are construed in the light most favorable to the nonmoving party. *Brumfield*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

"If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp.*, 477 U.S. at 325). The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

### III.  ANALYSIS

**I.  Whether Summary Judgment is Appropriate.**

The Court must first determine whether the Motion for Summary Judgment is appropriate at this juncture. "Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or

other pretrial proceedings have been had." Fed.R.Civ.P. 56(b) advisory committee's note to 2010 amendment. If summary judgment is filed early, when there has been little if any time for the opposing party to conduct discovery, a properly supported request for additional time should be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986) (requirement that party opposing summary judgment set forth specific facts showing there is genuine issue for trial "is qualified by . . . provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."); *see also Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir.1999) ("[w]hen a party is not given a full and fair opportunity to discover information essential to its opposition to summary judgment, the limitation on discovery is reversible error.").

Defendant contends that summary judgment is appropriate at this stage of the litigation as it is not the plaintiffs' employer. The Fifth Circuit "developed a four-factor, single-enterprise test to determine whether two entities served as a single employer for Title VII purposes[. . . .]" *Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339 (5th Cir. 2005) (citation omitted). Those factors include: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983). The Fifth Circuit holds that the term "employer" as used

in Title VII was meant to be liberally construed. *Id.* at 403. "Superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer." *Id.*

These inquiries are fact intensive and the parties have merely provided the Court with blanket, conclusory statements that the defendant is or is not the employer. However, "[w]hile it would be premature on the basis of the record" before the Court to decide that QES or any of the additional defendants constitute or do not constitute a single employer, the facts do not indicate that the plaintiffs "cannot under any discernible circumstance prove single employer status." *Id.* at 404-405.

For the reasons that will follow, the Court will allow Plaintiff Auguillard to engage in discovery to determine the extent of liability on the part of QES under his Title VII claims, as there is a genuine issue of material fact and summary judgment is not appropriate at this point in time as to who the actual employer is.

**II. Whether Plaintiff James and Plaintiff Williams Claims are Barred as Untimely.**

The Fifth Circuit recently clarified that a failure to exhaust administrative remedies under Title VII is not jurisdictional, rather, "[f]ailure to exhaust is an affirmative defense that should be pleaded[,]" *Davis v. Ft. Bend County*, 893 F.3d 300, 307 (5th Cir. 2018), and the defendant pleaded this defense in its Answer, [Rec. Doc. 4, filed August 13, 2018], and Motion for Summary Judgment, [Rec. Doc. 9,

filed September 6, 2018]. An employment discrimination plaintiff must exhaust administrative remedies before pursuing claims in federal court, which occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996). Title VII provides that claimants have ninety days to file a civil action after receipt of such a notice from the EEOC. *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982) (citing 42 U.S.C. § 2000e–5(f)(1)). This requirement to file a lawsuit within the ninety-day limitation period is strictly construed. *See Ringgold v. National Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985). The ninety-day period within which a plaintiff must file a claim against an employer begins to run when a plaintiff receives a right-to-sue letter. *Bunch v. Bullard*, 795 F.2d 384, 387-88 (5th Cir. 1986). Commencing an action within 90 days of receipt of a right-to-sue letter is not a jurisdictional prerequisite; rather, the ninety-day requirement is akin to a statute of limitations. *Espinoza*, 754 F.2d at 1249 n.1.

Plaintiffs James and Williams were issued their right-to-sue letters by the EEOC on February 21, 2018 but failed to file their lawsuit until May 31, 2018; ninety-nine days after they received their right-to-sue letters. The record does not reflect the actual dates on which the plaintiffs received their letters, thus, the Court presumes that these were received within a range of three to five days after the letters

were issued. *Taylor v. Books A Million*, 296 F.3d 376, 379 (5th Cir. 2002). Assuming the latter of five days after receipt of their right-to-sue letters, the lawsuit would have been filed 94 days after their letters were issued, thus four days after the ninety-day time limit. Plaintiffs James and Williams claims are thus barred and must be dismissed. *See e.g. Hefner v. New Orleans Public Service, Inc.*, 605 F.2d 893 (5th Cir. 1979). Plaintiffs James and Williams are statutorily barred from pursuing their claims under Title VII and summary judgment is appropriate as to these plaintiffs' Title VII claims.

### III. Whether Amended Complaint Relates Back.

The final issue before the Court is whether Plaintiff Auguillard can amend his complaint because it relates back to the date of filing of the original complaint for statute of limitation purposes. There is a general rule that "a party not named in an EEOC charge may not be sued under Title VII." *EEOC v. Simbaki*, Ltd., 767 F.3d 475, 481 (5th Cir. 2014). But the court should avoid "hypertechnical" readings of charges and be aware that there are exceptions such as when the party named in the EEOC charge is legally identical to the party that is sued or when the defendant received actual notice of the charge and an opportunity to participate in conciliation. *Id.*

Fed.R.Civ.P. 15(c)(1)(C) governs the relation back of an amended complaint to the original complaint filed in a lawsuit. Courts have interpreted Rule 15(c) as

establishing four requirements: (1) that the claim arose out of the same transaction or occurrence described in the original complaint; (2) that the new party received notice in such a way as not to be prejudiced; (3) that the new party knew or "should have known" that the suit would have been brought against it but for a mistake; and (4) that the second and third requirements were met within the limitations period. *Schiavone v. Fortune*, 477 U.S. 21 (1986); *Kirk v. Cronvich*, 629 F.2d 404, 407 (5th Cir. 1980).

The defendant does not point to any prejudice and does not dispute that the claim arose out of the same transaction or occurrence. There is no question, and the defendant does not dispute, that Plaintiff Auguillard filed within the 90-day requirement upon receipt of his right-to-sue letter. The parties at most appear to dispute whether QES had actual notice of the lawsuit.

Defendant baldly asserts that the plaintiffs did not make a "mistake" in naming the wrong defendant but rather chose to sue the wrong defendant, and thus, the plaintiffs should not be allowed to amend their complaint. [Rec. Doc. 19.1 at 6, filed October 26, 2018 (citing *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998) ("changing the name of a party to relate back only if the change is the result of an error, such as a misnomer or misidentification."))]. Moreover, the defendant asserts that the plaintiffs seek to add parties, not substitute them, and that the addition of parties is allegedly not allowed under Rule 15(c). Plaintiffs argue that the Court

allow the amendment to their complaint because the defendant and the new proposed defendants sought to be added through the proposed amended complaint had notice of the lawsuit through counsel. [Rec. Doc. 16.1 at 4, filed October 12, 2018 ("[T]his case is just like *Barkins* in that the new defendants had notice of the lawsuit through counsel.") (citing *Barkins v. Int'l Inns, Inc.*, 825 F.2d 905 (5th Cir. 1987))].

The defendant's Vice President of Human Resources and Litigation Counsel represented Triumph, the subsidiary of QES Directional Drilling LLC which was formerly known as Q Directional Drilling, LLC, which formerly did business as The Directional Drilling Company, by filing position statements, and "[QES] acknowledges that it had notice of plaintiffs' charges against The Directional Drilling Company." [Id.]. *Barkins*, 825 F.2d at 907 (holding that a defendant's participation in the administrative process may constitute the requisite Rule 15(c)(1)(C) knowledge.) QES was aware of the discrimination charges brought by plaintiffs as evidenced by the defendant's Vice President of Human Resources and Litigation Counsel filing position statements with the EEOC. [Rec. Doc. 9.1 at 4, filed September 6, 2018]. Defendant's argument that a party must be substituted rather than added to the complaint is directly contrary to Fifth Circuit jurisprudence. *See e.g. Braud v. Transport Service Co. of Illinois*, 445 F.3d 801, 806-07 (5th Cir. 2006) (the Fifth Circuit has applied Rule 15(c) where a new defendant is sought to be added); *see also Johnson v. Hosp. Corp. of Am.*, No. CIVA 09-0113, 2009 WL

3648448, at *10 n.8 (W.D. La. Nov. 3, 2009).

Finally, the defendant has not directed the Court to anything in the record supporting their proposition that naming QES as a defendant was not a mistake. In fact, it is apparent that it was a mistake because the plaintiffs named QES as "f/k/a The Directional Drilling Company" in the caption of their complaint, as they believed they had named the correct defendant. Plaintiff Auguillard's proposed amended complaint relates back to the original complaint as QES and the proposed defendants had actual notice by the filing of position statements with the EEOC by their counsel.

## IV. CONCLUSION

Defendants' Motion for Summary Judgment will be **DENIED in part** as premature as it seeks to have Plaintiff Auguillard's claims dismissed, and will be **GRANTED in part** as it seeks to have Plaintiff James's and Plaintiff Williams's claims under Title VII **DISMISSED WITH PREJUDICE** as untimely. As Plaintiff Auguillard's claims remain, his Motion for Leave to Amend Complaint will be **GRANTED**. Plaintiff Auguillard will be allowed to conduct discovery, and the

Motion for Rule 56(d) Relief will be treated as an opposition to the Motion for Summary Judgment.

**THUS DONE AND SIGNED** this 21st day of December, 2018.

_____
TUCKER L. MELANÇON
UNITED STATES DISTRICT JUDGE